UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:07-CV-109

ROBERT W. BUECHNER; ANGELA H. BUECHNER
as Trustee of Robert W. Buechner Family
Irrevocable Trust;
ROBERT W. BUECHNER as Trustee of Dayle and Patricia
Rust Family Irrevocable Trust;
ROBERT W. BUECHNER as Trustee of Wright Family
Irrevocable Trust;
CHENAULT INVESTMENTS, LLC;
HJN PROPERTIES;
ROBERT H. ROBERTSON; and
CHRIS YOUNG                                                              PETITIONERS

v.

MID-AMERICA ENERGY, INC.;
MID-AMERICA OIL & GAS, LLC;
GARY MILBY;
FREEDOM OIL #1, LLP;
BIG CREEK OIL #1, LLP;
BLACK GOLD OIL #1; and
BLACK GOLD OIL #2                                                        RESPONDENTS

**MEMORANDUM OPINION**

Petitioners jointly filed for the Court to confirm and enforce the Arbitration Award in this matter of May 7, 2007. (Docket #1). Respondents jointly filed Objections to the Petition. (Docket # 10). Petitioners replied. (Docket # 18). The matter is now ripe for adjudication. The Court now GRANTS the Petition to Confirm the Arbitration Award.

**BACKGROUND**

The arbitration in this matter decided Petitioners' rights under securities contracts with Respondents. Petitioners invested in shares of the Respondent oil well drilling limited

partnerships: Freedom Oil #1, Big Creek Oil #1, Black Gold Oil #1, and Black Gold Oil #2. Respondents Milby, Mid-America Energy, and Mid-America Oil and Gas managed the drilling partnerships. Petitioners signed Subscription Agreements which arranged for the Petitioners to pay the cost of the drilling and completion of the wells for a share in the profits. The wells were completed, drilled, and plugged. The Subscription Agreements provided that subscribers were "not waiving any rights [they] have under Federal and State securities laws" and that subscribers relied solely on the Private Placement Memoranda, and not outside statements, in making the decision to invest.

      Petitioners sued for breach of contract, common law fraud, deceit, breach of fiduciary duty, conversion, and violations of state and federal securities laws and regulations after discovering misrepresentations and nondisclosures made by the Respondents. In particular, Petitioners allege that Respondents sold security interests in the wells without registering them in violation of securities laws, made numerous misrepresentations and nondisclosures in relation to the sale of the partnership interests, and misapplied and misappropriated partnership interest sale proceeds. Respondents then asserted a counterclaim against Petitioner Buechner.

      According to the Subscription Agreements, this matter was properly subject to binding arbitration. The parties agree to submit the dispute to the Federal Arbitration Association, and is was decided by William R. Hardy on May 7, 2007. Hardy acknowledged and dismissed the counterclaim against Petitioner Buechner. Hardy also found that:

> Respondents knowingly and intentionally made false and material representations and omitted to disclose material facts in connection with the sale of the partnership units, specifically and among others, the production of the wells drilled and to be drilled, the barrels to be recovered, the income to the received from the wells, the time within which income would be earned, the longevity of production of the wells,

> the management and drilling costs to be incurred, the expenses of the venture, use of the proceeds of partnership sales and affirmative minimization of risks otherwise disclosed misleadingly.
>
> Except as to general, cautionary language regarding the speculative nature of oil and gas exploration, drilling and management, it was shown by [Petitioners] in this case that the inclusion of disclaimers is not enforceable against them because of the circumstances and atmosphere surrounding the delivery of the misrepresentations and omissions and because they do not fully and forthrightly address the particular representations complained of or were contradicted and neutralized by specific misrepresentations of known, material adverse facts.
>
> Claimants justifiably relied upon the misrepresentation and omissions in deciding to puchase the units and they were injured as a result.

As a result of these findings, Hardy awarded the Petitioners $504,000.00 in damages, as well as interest and costs of the arbitration proceedings.

Since the entry of the Hardy's decision, Petitioners have not received payment. They seek to enforce the award in this Court. Respondents object to the arbitration award on multiple grounds. Respondents submitted no evidence to support their claims that the arbitration award should not be confirmed.

**STANDARD**

When parties agree to arbitration under the Federal Arbitration Act, the Court must confirm the award unless the arbitration decision "is vacated, modified, or corrected." 9 U.S.C. § 9. "The Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). *See also Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998).

The Court reviews arbitration awards only to determine whether the parties have received a fundamentally fair hearing. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th

Cir. 2002). The party seeking to alter or vacate the arbitrator's decision bears the burden of proof to show cause for alteration or vacation. *Dawahare*, 210 F.3d 669-70; *Andersons*, 166 F.3d at 328.

> A court may vacate an arbitration award in the following situations: (1) where the award was procured by fraud, (2) where the arbitrators were evidently partial or corrupt, (3) where the arbitrators misbehaved so that a party's rights were prejudiced, or (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made.
> *Dawahare*, 210 F.3d at 669.

Also, an arbitration award may be overturned if the arbitrator is found to have "manifestly disregarded the law." *Id.* at 669-70. "[T]o find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Id.* at 669. Specifically, the statutes provide that an award may be vacated

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
> (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.
> 9 U.S.C. § 10(a).

An award may be modified or corrected

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
9 U.S.C. § 9.

## ANALYSIS

Respondents first seek to overturn the award based on a "misjoinder of parties," because Petitioners did not have common claims against all Respondents. The Respondents have not shown manifest disregard of the law, because they have not named any points of law which the arbitrator purposefully refused to heed. The Court cannot theorize how misjoinder would fit within the statutorily defined means of vacation or modification of an arbitration award, and Respondents do not specify a claim.

Respondents then challenge the arbitrator's decision not to dismiss the arbitration because of Respondents' claims that Petitioners did not follow the dispute resolution procedures set forth in the "partnership agreement" and have no standing to arbitrate disputes otherwise. At the time of arbitration, Respondents did not object to the matter's arbitrability. Furthermore, the Subscription Agreements explicitly provide that disputes should be submitted to binding arbitration. It appears that Petitioners did follow the agreed upon dispute resolution procedures.

Respondents then claim that the arbitrator erred in awarding damages to Petitioners because the Respondents' obligations under the Subscription Agreements had been satisfied by the drilling, completion, and plugging of the wells. It appears to the Court that the arbitration award stems from the misrepresentations and omissions of the Respondents, not their failure to complete duties under the contract. However, the Court does not review the arbitrator's factfinding. Because Respondents do not allege that the arbitration hearing was fundamentally unfair, this complaint exceeds the scope of the Court's review.

Respondents next assert that the arbitrator failed to acknowledge and consider a relevant fact: that Petitioners were obligated to rely solely on the Private Placement Memoranda, and not outside statements, in making the decision to invest. Respondents interpret this as a disclaimer of any causes of action based on misrepresentations outside of the Private Placement Memoranda. The arbitrator did, however, hear and consider this pertinent piece of evidence, as indicated in his statement that

> it was shown by [Petitioners] in this case that the inclusion of disclaimers is not enforceable against them because of the circumstances and atmosphere surrounding the delivery of the misrepresentations and omissions and because they do not fully and forthrightly address the particular representations complained of or were contradicted and neutralized by specific misrepresentations of known, material adverse facts.

To the extent that the Respondents seek for the Court to review the correctness of the arbitrators' findings, the Court holds that Respondents' claim exceeds the Court's scope of review.

Respondents then seek to challenge the arbitrator's decision not to join other interest holders in the drilling operations, including the land owners. It is unclear whether Respondents consider this a proper reason for vacation or modification of the award. However, the Court holds that Respondents have not met their burden of proof in showing how the absence of the landowners as parties to the arbitration resulted in a fundamentally unfair hearing.

Respondents claim that the Petitioners did not properly prove the violations of state or federal securities laws found by the arbitrator. Respondents do not describe how the arbitrator allegedly misapplied the law. To the extent that Respondents seek for this Court to review the arbitrator's determination of the facts based on proof presented by the Petitioners, the Court cannot; such considerations exceed the scope of the Court's review.

Respondents next claim that the arbitration proceedings were flawed because Buechner

was joined as Plaintiff, not a Defendant. As noted by the arbitrator, Respondents did assert a counterclaim against Buechner. Respondents imply that Buechner's position as a Plaintiff, when Defendants sought to assert claims against him constitutes a "conflict of interest." Because of the availability of counterclaims, the Court finds that no conflict of interest exists. Respondents were given adequate opportunity pursue any theories of liability and defenses against Buechner through this counterclaim. Respondents have not shown that Buechner's status as a Plaintiff in the arbitration resulted in any fundamental unfairness in the proceeding.

Lastly, Respondents challenge the evidence considered by the arbitrator during the proceedings. Respondents allege that the arbitrator improperly considered Petitioners' assertions that the partnerships' profits were misapplied and misappropriated for use toward Respondent Milby's child support payments. The Court finds that this was a proper consideration as an improper appropriation of the funds and did not result in a fundamentally unfair hearing. Respondents also allege that the arbitrator failed to consider all relevant matters in making his decision. Because Respondents do not indicate any relevant matters which were not considered by the arbitrator, the Court cannot find that Respondents have met their burden to show that the arbitrator "refus[ed] to hear evidence pertinent to the controversy."

## CONCLUSION

For the above reasons, the Court OVERRULES Respondents' Objections to the Arbitration Award and DENIES Respondents' demand for a trial in the matter. The Petition to Confirm the Arbitration Award is GRANTED.

Thomas B. Russell

**Thomas B. Russell, Judge**
**United States District Court**

August 2, 2007